UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-00028-TPB-AAS

DIEGO HUMBERTO RODRIGUEZ
_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE SENTENCE

Defendant Diego Humberto Rodriguez, by and through undersigned counsel, pursuant to 18 U.S.C. §§ 3553 and 3661; U.S.S.G. § 5K2.0; and Rule 32(i) of the Federal Rules of Criminal Procedure, hereby moves this Honorable Court to vary downward from the applicable advisory Sentencing Guidelines range and, in addition, presents the following relevant information for the Court to consider in determining a reasonable sentence to impose in this case:

### Facts and Sentencing Considerations

Mr. Rodriguez pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to United States jurisdiction. Mr. Rodriguez was present, along with two other crewmembers, on a small vessel that was transporting cocaine when it was interdicted in international waters. Mr. Rodriguez was a simple crewperson on the boat. He possessed no special skills of any kind and served no specific function on the boat.

After being detained in the Southern District of Florida for medical treatment, Mr. Rodriguez was transported to the Middle District after his two co-defendants. He, thereafter, notified the Government of his intent to plead guilty and sought to provide substantial assistance to the investigating authorities. Since that time, he has continued to make himself available to the Government.

Mr. Rodriguez's proposed advisory Guidelines range, as calculated in the Presentence Report, falls at total offense level 29 and criminal history category I. At that range, the Guidelines suggest a sentence of 87 to 108 months. Mr. Rodriguez will set out below, however, that a downward variance sentence below the advisory Guidelines range would be a sentence that is more than sufficient to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## I. The 18 U.S.C. § 3553(a) Factors

The facts and circumstances surrounding this case do not call for the imposition of a sentence as great as the Guidelines would suggest. The advisory Guidelines range, no matter how it is calculated, will call for the imposition of a substantial prison sentence in this case. The Guidelines, however, "as a matter of administration and to secure nationwide consistency[,]… should be the starting point and the initial benchmark," but are not the only consideration in sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After properly calculating the Guidelines range, the district court must then make an individualized assessment of the case and

consider each of the factors set forth in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Id.* at 49-51. Those factors include:

> (1) the nature and circumstances of the offense;
> (2) the history and characteristics of the defendant;
> (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
> (4) the need to protect the public; and
> (5) the Guidelines range, as well as
> (6) the kinds of sentences available;
> (7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and
> (8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted).

Mr. Rodriguez is a 34 year-old father of three. He had lived his life in a relatively remote area of Colombia, working in the fishing industry. He spent much of his childhood homeless and typically had only meal each day. He has had no formal education. As an adult, Mr. Rodriguez has worked hard to provide for his family, but has frequently struggled financially.

Mr. Rodriguez's decision to participate in this offense was motivated by his abject poverty and his need to provide for his family. While Mr. Rodriguez knew his actions were wrong, he believed that his participation in the go-fast trip could alleviate his family's extraordinary financial problems. While his motivation does not excuse his conduct, it hopefully sheds light on the good, though ill-thought-out, intentions he had.

Numerous members of Mr. Rodriguez's family and community have provided counsel with letters of support on his behalf. *See* Attached Exhibits. Translations of those letters are attached to this memorandum. Those letters further illustrate the fact that Mr. Rodriguez's decision to participate in the instant offense was completely out-of-character for him.

Concerning his role in the offense, Mr. Rodriguez had no knowledge of the intricacies of this conspiracy, had no role in planning the offense or in distributing the drugs, and had no equity interest in any of the drugs that were being transported. He certainly had no decision-making authority or no control over the operation. He, likewise, performed no special, or even defined, role in the relevant conduct. Given his lack of education or worldly experience, Mr. Rodriguez would not even have had the means to perform any special function within the conspiracy. Mr. Rodriguez was merely an able body who was on hand to perform remedial tasks during the transportation of the drugs. Had the offense been successful, Mr. Rodriguez stood to earn only a small fraction of the revenue that would have been paid to the organizers of the conspiracy.

Given his age and his life history, Mr. Rodriguez is in an excellent position to better himself while in the Bureau of Prisons. The several months he has spent incarcerated since his arrest have opened his eyes to the see the gravity of the mistake he made. Mr. Rodriguez is now eager to learn to read and write in English and to

hopefully learn trades that will allow him to obtain gainful employment in Colombia upon his eventual return. Under the circumstances, the imposition of a sentence below the advisory Guidelines range would be sufficient, but not greater than necessary, to reflect the factors to be considered at sentencing pursuant to 18 U.S.C. § 3553.

## CONCLUSION

Based on the foregoing, Mr. Rodriguez respectfully requests that this Honorable Court consider the unique facts and circumstances of this case and impose a downward variance sentence below the adjusted Guidelines range.

Respectfully Submitted,

*s/ J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
CJA Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
CJA Counsel for Defendant
